**SHIHAO GUAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–72803.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 1, 2009.

Filed Sept. 29, 2009.

---

Shihao Guan, Monterey Park, CA, pro se.

David Yeremian, Orshansky & Yeremian, LLP, Encino, CA, for Petitioner.

Paul Fiorino, Trial, Christine Pecora Luster, Esquire, Jeffrey J. Bernstein, Esquire, Alison Drucker, Esquire, Donald E. Keener, Esquire, Kohsei Ugumori, Esquire, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, GRABER, and BEA, Circuit Judges.

### MEMORANDUM *

Shihao Guan, a native and citizen of China, petitions for review of the final order of removal denying his claims for withholding of removal and relief under the Convention Against Torture (CAT).[1] We grant the petition and remand for a determination on an open record whether Guan is entitled to withholding of removal or CAT relief.

The immigration judge's (IJ) adverse credibility determination was flawed from the outset by his reliance on an article in the CALIFORNIA LAWYER, which was not part of the record, to note a trend of "bogus" asylum applications by Chinese applicants in the Los Angeles area. We cannot say that this reference did not infect the remainder of his reasoning about how Guan came by his passport and visa. *See Lin v. Gonzales*, 434 F.3d 1158, 1163 (9th Cir.2006) ("Without some evidence in the record, other than the IJ's bare personal view, we have no way of knowing whether the IJ's suspicions are simply conjecture or legitimate concerns bearing on the reliability of the document.... The reviewing court should not be in a position of speculating about the IJ's speculations."). Nor under our precedent is another reason for the adverse credibility determination—that Guan failed to seek asylum at the embassy in China, or upon arrival at the airport, or when extending his visa, or thereafter, and renewed his Chinese passport in the meantime—acceptable when the IJ has not taken into account Guan's explanation for why he did not do any of these things until he did seek asylum. *See, e.g., Singh v. Gonzales*, 439 F.3d 1100, 1106, 1107 (9th Cir.2006).

We therefore grant the petition for review and remand to the BIA for further proceedings on an open record. *Soto–Olarte v. Holder*, 555 F.3d 1089, 1093–96 (9th Cir.2009).

**PETITION GRANTED; REMANDED.**

BEA, Circuit Judge, dissenting:

I disagree with the majority's view that one silly reference to inadmissible evidence by the immigration judge ("IJ") is like a drop of ink in clear water, spoiling the

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Guan does not seek review of the determination that his application for asylum is time-barred.

 

remainder of the IJ's rationale with respect to his adverse credibility determination, no matter how well-reasoned. In fact, I think just the opposite: if grounds independent of the IJ's inadmissible reference exist in the record, this court is bound to affirm those independent grounds with respect to the IJ's adverse credibility finding against Guan.

The IJ cited several facts, entirely unrelated to the *California Lawyer* article, to support his adverse credibility finding against Guan: (1) Although Guan claimed persecution awaited him in China, Guan failed to seek asylum upon his arrival in the United States; (2) Guan later renewed his B–1 visa, but failed to seek asylum at that time; and (3) Guan's parents and his brother, who is also Christian, live peaceably in the house where Guan held Christian meetings in China. Each and all of these reasons provide substantial evidence upon which the IJ could disbelieve Guan's testimony that he feared persecution should he return to China.

Moreover, I strongly disagree with the majority's view that the "IJ has not taken into account Guan's explanation for why he did not do any of these things until he did seek asylum." Guan was asked why he did not "do these things." Guan's answer: "I felt the free air." The IJ heard this "explanation," which was no explanation at all, other than Guan thought he could stay in the United States forever without further ado about immigration procedures. But that could not have been the true explanation; Guan knew enough to renew his B–1 visa through an attorney. Thus, even if the IJ did not take the explanation "into account," the explanation did not add up, and would not change the accounting.

*For the foregoing reasons, I respectfully dissent.